# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| VANESSA HAKEEM, individually and as the putative administrator of the ESTATE OF HIAWATHA HAKEEM, deceased, <br>          Plaintiff, <br><br>vs. <br><br>BRIAN D. ADAMS, individually; <br>JENNIFER JARRIEL, individually; <br>VASHTI J. BROWN, individually; <br>ERIC COX, individually; <br>ANDREW M. MCFARLANE, individually; <br>JOHN E. DICK, individually; <br>MAURICE GRIFFIN, individually; <br>SHEMAURY T. MIKELL, individually; <br>JOHNNY ROBERTS, individually; <br>JADARRIEN ROBINSON, individually; <br>and ALICIA J. RUBIN, individually <br><br>          Defendants. | Civil Action File <br><br> No. CV 623-028 |

## COMPLAINT

1. Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 for Defendants' violation of the rights and privileges afforded Plaintiff's Decedent, Hiawatha Hakeem ("Mr. Hakeem"), by the Eighth and Fourteenth Amendments to the United States Constitution, when, acting under color of law, Defendants failed to

adequately protect against substantial risk of severe harm to Hiawatha Hakeem, which resulted in serious injury, pain, and suffering in violation of the Eighth Amendment of the United States Constitution.

## The Parties, Jurisdiction & Venue

2. Plaintiff Vanessa Hakeem brings this suit individually and as next of kin for the deceased, Hiawatha Hakeem.

3. Plaintiff Vanessa Hakeem is a natural parent and sole survivor of Mr. Hakeem and is a citizen and resident of Georgia.

4. Defendant Brian D. Adams was, until February of 2023, the warden of Smith State Prison in Glennville, Georgia.

5. Defendant Adams is sued in his individual capacity.

6. Defendant Adams is subject to the jurisdiction of this Court.

7. Defendant Jennifer Jarriel ("Jarriel") was, at all times relevant to this lawsuit, the deputy warden of Smith State Prison.

8. Defendant Jarriel is sued in her individual capacity.

9. Defendant Jarriel is subject to the jurisdiction of this Court.

10. Defendant Vashti J. Brown ("Brown") was, at all times relevant to this lawsuit, a deputy warden of Smith State Prison.

11. Defendant Brown is sued in her individual capacity.

12. Defendant Brown is subject to the jurisdiction of this Court.

13. Defendant Eric Cox ("Cox") was, at all times relevant to this lawsuit, a deputy warden at Smith State Prison.

14. Defendant Cox is sued in his individual capacity.

15. Defendant Cox is subject to the jurisdiction of this Court.

16. Defendant Andrew M. McFarlane was, at all times relevant to this lawsuit, a deputy warden at Smith State Prison.

17. Defendant McFarlane is sued in his individual capacity.

18. Defendant McFarlane is subject to the jurisdiction of this Court.

19. Defendant John E. Dick ("Dick") was at all times relevant to this lawsuit an employee at Smith State Prison in Glennville, Georgia.

20. Defendant Dick is sued in his individual capacity.

21. Defendant Dick is subject to the jurisdiction of this Court.

22. Defendant Maurice Griffin ("Griffin") was at all times relevant to this lawsuit an employee at Smith State Prison in Glennville, Georgia.

23. Defendant Griffin is sued in his individual capacity.

24. Defendant Griffin is subject to the jurisdiction of this Court.

25. Defendant Shemaury T. Mikell ("Mikell") was at all times relevant to this lawsuit an employee at Smith State Prison in Glennville, Georgia.

26. Defendant Mikell is sued in her individual capacity.

27. Defendant Mikell is subject to the jurisdiction of this Court.

28. Defendant Johnny Roberts ("Roberts") was at all times relevant to this lawsuit an employee at Smith State Prison in Glennville, Georgia.

29. Defendant Roberts is sued in his individual capacity.

30. Defendant Roberts is subject to the jurisdiction of this Court.

31. Defendant Jadarrien Robinson ("Robinson") was at all times relevant to this lawsuit an employee at Smith State Prison in Glennville, Georgia.

32. Defendant Robinson is sued in his individual capacity.

33. Defendant Robinson is subject to the jurisdiction of this Court.

34. Defendant Alicia J. Rubin ("Rubin") was at all times relevant to this lawsuit an employee at Smith State Prison in Glennville, Georgia.

35. Defendant Rubin is sued in her individual capacity.

36. Defendant Rubin is subject to the jurisdiction of this Court.

37. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under the Constitution and laws of the United States.

38. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that the events and/or omissions giving rise to this claim occurred in this district.

## Facts

39. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if set forth herein verbatim.

40. The staff and employees of Smith State Prison, including but not limited to the named Defendants in this suit, were aware of the conditions within Smith State Prison that presented substantial risks of serious harm to the inmates incarcerated.

41. On April 10, 2020, Taylor H. Brooks, an inmate at Smith State Prison was stabbed to death.

42. Defendants knew about the murder of Inmate Brooks.

43. On April 20, 2020, John B.R. Cardona, an inmate at Smith State Prison, was killed by exsanguination from a stab wound to his neck.

44. Defendants knew about the murder of Inmate Cardona.

45. On January 6, 2021, Justin Wilkerson, an inmate at Smith State Prison, was the victim of homicide (cause unreported).

46. Defendants knew about the murder of Inmate Wilkerson.

47. On April 9, 2021, Desmond Hill, an inmate at Smith State Prison, was strangled to death.

48. Defendants knew about the murder of Inmate Hill.

49. On April 12, 2021, Mr. Hakeem was an inmate at Smith State Prison in Glennville, Georgia.

50. At approximately 7:34 PM, Mr. Hakeem was present within the Smith State Prison dormitories.

51. At approximately 7:34 P.M., Mr. Hakeem was brutally assaulted by four other inmates at Smith State Prison.

52. As a result of the assault, Mr. Hakeem sustained significant injuries, including stab wounds.

53. Mr. Hakeem then sought medical attention from the employees of Smith State Prison, including but not limited to the named Defendants in this suit.

54. Defendants failed to provide timely and adequate care to Mr. Hakeem to prevent life-threatening complications from his injuries.

55. Mr. Hakeem ultimately died at approximately 10:12 P.M.

56. The Deputy Corner who reviewed Hiawatha Hakeem's injuries determined those injuries to be the proximate cause for his death.

57. The staff and employees of Smith State Prison, including but not limited to the named Defendants in this suit, were aware of the unsafe conditions for inmates.

58. The Eighth Amendment imposes a duty on prison officials to enact reasonable measures to protect inmates from substantial risk of serious harm.

59. The Eighth Amendment imposes a duty to protect prisoners from violence at the hands of other prisoners.

60. Institution wide unsafe conditions, such as the conditions that caused Mr. Hakeem's death, constitute a violation of clearly established rights.

61. All Defendants knew or should have known that Smith State Prison had inadequate policies and procedures in place to prevent attacks and homicides within the prison.

62. Of the four inmates involved in Mr. Hakeem's assault, all had a history of violence towards others.

63. The perpetrators of Mr. Hakeem's assault were known to Defendants to have a history of violent behavior and to pose a substantial risk of serious harm to other inmates, including but not limited to Mr. Hakeem.

64. The staff and employees of Smith State Prison, including but not limited to the named Defendants in this suit, were aware of the unsafe conditions posed by the four inmates who assaulted Mr. Hakeem.

65. Defendant Adams, as warden of Smith State Prison had the duties to implement and execute policies and procedures that would a) provide adequate security for inmates from other inmates known to be violent; b) provide a timely and adequate response to emergencies (such as the attack on Mr. Hakeem) so the victims of such attacks would receive medical care and not suffer unduly; c) adequately and appropriately staff Smith State Prison to fulfill the mandated duties.

66. Defendant Adams, on April 12, 2022, and time preceding then, failed to implement and execute policies and procedures that a) provided adequate security for inmates from other inmates known to be violent; b) provided timely and

adequate responses to emergencies (such as the attack on Mr. Hakeem) so that the victims of such attacks would receive medical care and not endure undue suffering; and c) adequately and appropriately staffed Smith State Prison to fulfill the mandated duties.

### 67. Count One – 42 U.S.C. § 1983 – All Defendants

68. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if stated herein verbatim.

69. At all times relevant to this Complaint, the individual Defendants who were on duty at the time of Mr. Hakeem's assault were employees of Smith State Prison.

70. At all times relevant to this Complaint, the individuals who were not on duty at the time of Mr. Hakeem's assault (though they were employees of Smith State Prison), were responsible for the day-to-day operation of the prison and making sure its conditions met minimal Constitutional standards and that inmates were not subjected to substantial risk of serious harm and that their medical needs were met.

71. At all times relevant to this Complaint, Defendants were acting under color of state law, custom, or practice in performance of their duties as employees of Smith State Prison.

72. While Defendants acted under color of state law, they subjected Mr. Hakeem to a deprivation of the rights, privileges, and immunities secured by the Constitution and laws of the United States of America.

73. Defendants knew or should have known that the inmates who attacked and killed Mr. Hakeem posed a substantial risk of serious harm to other inmates, including but not limited to Mr. Hakeem.

74. Defendants disregarded that substantial risk of serious harm by failing to take reasonable measures to abate that harm.

75. Defendants, in disregarding the substantial risk of harm alleged, acted with reckless disregard and were deliberately indifferent to their duties while assigned to oversee inmates the night of Mr. Hakeem's assault.

76. Defendants acted with reckless disregard and were deliberately indifferent to their duties while failing to ensure adequate safety for inmates housed within Smith State Prison.

77. Defendants acted with reckless disregard and were deliberately indifferent to their duties while failing to respond to Mr. Hakeem's requests for medical assistance following his assault.

78. Defendants' actions and inactions, as alleged, were the proximate cause of injury and death to Mr. Hakeem, in violation of the Eighth Amendment to the United States Constitution.

79. Plaintiff brings this action against the Defendants in their individual capacities who under color of law have caused or have been deliberately indifferent to the substantial risk of severe harm to Mr. Hakeem, which resulted in serious injury and cruel and unusual pain and suffering in violation of the Eighth Amendment of the United States Constitution.

80. Plaintiff Vanessa Hakeem is entitled to recover damages as provided by law from the Defendants, in their individual capacity in compensation for the injuries that Mr. Hakeem received because of actions and deliberate indifference of the Defendants.

### Count Two – Supervisory Liability of Defendants Adams, Jarriel, Brown, Cox and McFarlane

81. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if set forth herein verbatim.

82. At all times material to this civil action, Defendant Adams was the warden of Smith State Prison.

83. At all times material to this civil action, Defendant Jarriel was a deputy warden of Smith State Prison.

84. At all times material to this civil action, Defendant Brown was a deputy warden of Smith State Prison.

85. At all times material to this civil action, Defendant Cox was a deputy warden of Smith State Prison.

86. At all times material to this civil action, Defendant McFarlan was a deputy warden of Smith State Prison.

87. Defendants Adams, Jarriel, Brown, Cox and McFarlane (collectively "Prison Official Defendants") were the officials charged with the operations of Smith State Prison including the implementation and execution of policies and procedures that would a) abate any substantial risk of serious harm to inmates; b) provide a timely and adequate response to emergencies; and c) adequately and appropriately staff Smith State Prison.

88. As officials of Smith State Prison, Prison Official Defendants knew of the violent deaths of inmates that occurred in 2020 and 2021 (see paragraphs 29 – 36).

89. On April 12, 2021, and at times preceding then, Prison Official Defendants knew that the failure to implement policies and procedures to abate the substantial risk of serious harm that inmates faced would result in the violation of clearly established rights, including those afforded inmates, including Mr. Hakeem by the Eighth Amendment to the United States Constitution.

90. On April 12, 2021, and at times preceding then, Prison Official Defendants knew that the failure to implement policies and procedures to abate the substantial risk of serious harm that inmates faced would result in the violation of clearly established rights, including those afforded inmates, including Mr. Hakeem by the Eighth Amendment to the United States Constitution.

91. On April 12, 2021, and at times preceding then, Prison Official Defendants knew that the failure to implement policies and procedures to provide a timely and adequate response to emergencies would result in the violation of clearly established rights, including those afforded inmates, including Mr. Hakeem by the Eighth Amendment to the United States Constitution.

92. On April 12, 2021, and at times preceding then, Prison Official Defendants knew that the failure to implement policies and procedures to adequately and appropriately staff Smith State Prison so that prisoners, including but not limited to Mr. Hakeem, did not face substantial risk of serious harm and to provide adequate and timely responses to emergencies would result in the violation of clearly established rights, including those afforded inmates, including Mr. Hakeem by the Eighth Amendment to the United States Constitution.

93. Prison Official Defendants had the duty to implement and execute policies and procedures within Smith State Prison to abate any substantial risk of serious harm that inmates, including but not limited to Mr. Hakeem, faced from other prisoners.

94. Prison Official Defendants failed to implement and execute policies and procedures within Smith State Prison to abate any substantial risk of serious harm that inmates, including but not limited to Mr. Hakeem, faced from other prisoners.

95. As a result of Prison Official Defendants' failure to implement and execute policies and procedures within Smith State Prison to abate any substantial risk of serious harm, Mr. Hakeem was attacked and endured pain and suffering and, ultimately, death, all in violation of the rights afforded him by the Eighth Amendment of the United States Constitution.

96. Prison Official Defendants had the duty to implement policies and procedures that would provide timely and adequate responses to emergencies, such as the attack on Mr. Hakeem.

97. Prison Official Defendants failed to implement and execute policies and procedures within Smith State Prison to provide timely and adequate responses to emergencies, such as the attack on Mr. Hakeem.

98. As a result of Prison Official Defendants' failure to implement and execute policies and procedures within Smith State Prison to provide a timely and adequate response to emergencies, Mr. Hakeem did not receive timely or adequate care following the attack on him and, as a result, endured pain and suffering and, ultimately, death, all in violation of the rights afforded him by the Eighth Amendment of the United States Constitution.

99. Prison Official Defendants had the duty to implement and execute policies and procedures within Smith State Prison to adequately and appropriately staff Smith State Prison so that prisoners, including but not limited to Mr. Hakeem, did not

face substantial risk of serious harm and to provide adequate and timely responses to emergencies.

100. Prison Official Defendants failed to implement and execute policies and procedures within Smith State Prison to adequately and appropriately staff Smith State Prison so that prisoners, including but not limited to Mr. Hakeem, did not face substantial risk of serious harm and to provide adequate and timely responses to emergencies.

101. As a result of Prison Official Defendants' failure to implement and execute policies and procedures within Smith State to adequately and appropriately staff Smith State Prison so that prisoners, including but not limited to Mr. Hakeem, did not face substantial risk of serious harm and to provide adequate and timely responses to emergencies, Mr. Hakeem was attacked and endured pain and suffering and, ultimately, death, all in violation of the rights afforded him by the Eighth Amendment of the United States Constitution.

102. The acts and omissions of Prison Official Defendants, as set forth above, constituted deliberate indifference and was a proximate cause of the attack, injuries and death of Mr. Hakeem.

**WHEREFORE**, Plaintiff prays:

A. That all special and general damages be awarded to Plaintiff in an amount shown by the evidence and determined by the enlightened conscious of the jury;

B. That punitive damages be awarded against Defendants when allowable by law in an amount to be determined by the enlightened conscious of the jury to punish these Defendants and deter Defendants and others from similar misconduct in the future;

C. That a trial by jury be had on all issues permitted;

D. That attorneys' fees and expenses of litigation be awarded as authorized under the law;

E. Such other further equitable or monetary relief as the Court deems just and proper.

Dated:      April 12, 2023.

                                      **HALL & LAMPROS, LLP**

                                      */s/ Andrew Lampros*
                                      Andrew Lampros
                                      Ga. Bar #432328

300 Galleria Parkway SE
Suite 300
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
alampros@hallandlampros.com

*Attorney for Plaintiff*