```
IN THE UNITED STATES DISTRICT COURT FOR THE
          SOUTHERN DISTRICT OF GEORGIA
               STATESBORO DIVISION
```

VANESSA HAKEEM, individually  \*
and as the putative           \*
administrator of the Estate of \*
Hiawatha Hakeem, deceased,    \*
                              \*     CV 623-028
         Plaintiff,           \*
                              \*
    v.                        \*
                              \*
BRIAN D. ADAMS, et al.,       \*
                              \*
         Defendants.          \*
                              \*

## O R D E R

Before the Court is Defendants Vasthti Brown, Eric Cox, John Dick, Jennifer Jarriel, Andrew McFarlane, Shemaury Mikell, Johnny Roberts, Jadarrien Robinson, and Alicia Rubin's (altogether, the "Moving Defendants") motion to dismiss. (Doc. 21.) For the following reasons, the Moving Defendants' motion is **GRANTED IN PART AND DENIED AS MOOT IN PART**.

### I. BACKGROUND

Plaintiff filed her Complaint on April 12, 2023, seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1.) On June 23, 2023, Plaintiff filed her Amended Complaint as a matter of right, in which she again seeks relief under Section 1983 and asserts "Defendants failed to adequately protect" the decedent, Hiawatha

Hakeem, in violation of the Eighth and Fourteenth Amendments of the United States Constitution. (Doc. 18 ¶ 1.) Plaintiff's Amended Complaint has two counts: the first against Defendants Dick, Griffin, Mikell, Roberts, Robinson, and Rubin brought under Section 1983 (id. ¶¶ 315-68); and the second against Defendants Adams, Jarriel, Brown, Cox, and McFarlane under a theory of supervisory liability (id. ¶¶ 369-813).

On July 10, 2023, the Moving Defendants filed a motion to dismiss Plaintiff's Amended Complaint, seeking to dismiss, in part, because Plaintiff's Amended Complaint is a shotgun pleading. (Doc. 21; Doc. 21-1, at 1, 4-6.) Plaintiff opposed the Moving Defendants' motion (Doc. 23), the Moving Defendants replied (Doc. 27), and Plaintiff filed a sur-reply (Doc. 28).

## II. DISCUSSION

The Moving Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 8(a), 12(e), and 12(b)(6). (Doc. 21, at 1.) As the Moving Defendants recognize, in the Eleventh Circuit, the proper avenue when "faced with a complaint purporting to combine in one count multiple claims" is to "seek relief under Rule 12(e)." (Doc. 21-1, at 4-5 (quoting Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 983 (11th Cir. 2008); Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001)).) Indeed, as the Moving Defendants state, "[i]f the defendant fails to request such

2

relief, the district court is obligated to provide it *sua sponte*." (Id. at 5 (citing Davis, 516 F.3d at 984; Byrne, 261 F.3d at 1133).) In their reply brief, the Moving Defendants also, to the extent Plaintiff intends to raise a claim for deliberate indifference to a serious medical need, "move for a more definite statement of any such claim." (Doc. 27, at 3 n.1.)

The Court agrees Plaintiff's Amended Complaint constitutes an impermissible shotgun pleading. However, the Court construes the Moving Defendants' motion to dismiss as a motion for more definite statement, and, in the interests of justice, will allow Plaintiff to amend her Amended Complaint.

## A. Legal Standard

The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b). See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ." Weiland, 792 F.3d at 1321. The second type

3

is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323. A pleading need only qualify as one of these four types to be an impermissible shotgun pleading.

**B. Shotgun Pleading Analysis**

The Moving Defendants assert Plaintiff violated three of the shotgun pleading sins. (Doc. 21-1, at 5-6.) They claim she violated the first sin because "Plaintiff adopts and incorporates allegations for all counts of her Complaint"; the third sin because her claims "can reasonably be construed as containing both a failure-to-protect claim and a deliberate indifference to medical need claim"; and the fourth sin because "Plaintiff asserts in conclusory fashion, that Defendants had the subjective knowledge necessary to support her claims without showing how." (Id.)

Plaintiff argues her Amended Complaint, though lengthy, is not a shotgun pleading. (Doc. 23, at 5.) She contends her Amended Complaint clearly sets out her claims as to each Defendant, her incorporation of the preceding paragraph supports her allegations that each Defendant had specific knowledge, and her allegations

4

are specific enough at this stage of litigation. (Id. at 5-7.) While Plaintiff does not address whether she intends to bring a separate claim for deliberate indifference to a serious medical need, she maintains she has sufficiently alleged such claim when she addresses the Moving Defendants' 12(b)(6) arguments. (Id. at 14-15.)

The Court finds Plaintiff's Amended Complaint is a shotgun pleading in violation of the first and third sins. First, both of Plaintiff's "counts" begin by stating "Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if set forth herein verbatim." (Doc. 18, ¶¶ 315, 369.) This falls into the first type of shotgun pleading sin: containing "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland, 792 F.3d at 1321. Incorporating preceding paragraphs is not always frowned upon in a complaint, but what the Eleventh Circuit forbids is a complaint where "[t]he allegations of each count are . . . rolled into every successive count on down the line." Weiland, 792 at 1324. This is exactly what Plaintiff's Amended Complaint does here by incorporating the allegations under each specific count into later counts. Not only does this strategy "lead[] to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal

5

conclusions," but it also makes it unclear which facts and claims are being alleged against which Defendants. Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). This is the "cardinal sin" of shotgun pleading. Weiland, 792 F.3d at 1321 n.11.

Plaintiff's Amended Complaint also violates the third sin: not separating each claim into a separate count. See Weiland, 792 F.3d at 1322-23. Plaintiff's Amended Complaint combines at least two claims — failure to protect and deliberate indifference to a serious medical need — against the Defendants named under Count One. (Doc. 18, at 42-44.) Plaintiff's intention to bring more than one claim in her first count is bolstered by her arguments as to both types of claims in her response to the motion to dismiss. (Doc. 23, at 8-11, 14-15.) Whether Plaintiff intends to bring two similar claims against the Defendants named in Count Two is unclear. Because Plaintiff's Amended Complaint does not separate each claim into a separate count, it is an impermissible shotgun pleading. See Weiland, 792 F.3d at 1322-23.

Shotgun pleadings "exact an intolerable toll on the trial court's docket . . . and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997). Consequently, when a party files a shotgun pleading, the Eleventh Circuit instructs district courts to strike the

pleading and direct that a new complaint be filed. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018) (citation omitted). As required, the Court will give Plaintiff one chance to fix her defective Amended Complaint. See Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) ("When faced with a shotgun pleading, a district court must *sua sponte* give the plaintiff at least one chance to replead a more definite statement of her claims before dismissing her case with prejudice." (citing Vibe Micro, 878 F.3d at 1296)). If Plaintiff fails to comply with the Court's Order, any "continued impermissible pleadings warrant dismissal with prejudice." Hirsch v. Ensurety Ventures, LLC, 805 F. App'x 987, 992 (11th Cir. 2020) (citation omitted); see also Cummings v. Mitchell, No. 20-14784, 2022 WL 301697, at *2 (11th Cir. Feb. 2, 2022) ("[D]istrict courts have inherent authority to control [their] docket[s] and, in some circumstances, dismiss pleadings that fail to conform with the Federal Rules of Civil Procedure." (citing Weiland, 792 F.3d at 1320)).

Based on the foregoing, Plaintiff is **ORDERED** to file a second amended complaint within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff should ensure her second amended complaint complies with Rules 8(a)(2) and 10(b). Specifically, Plaintiff must separate distinct claims into separate counts, and, to the extent she intends to bring a separate claim for deliberate

7

indifference to a serious medical need, Plaintiff must provide Defendants with more than vague or ambiguous allegations as to such a claim. See FED. R. CIV. P. 12(e). Additionally, although other numbered paragraphs may be incorporated by reference, Plaintiff must take particular care so that only relevant paragraphs are referenced. Based on the foregoing, the Moving Defendants' motion to dismiss, construed as a motion for more definite statement, is **GRANTED IN PART**. Because the Amended Complaint will no longer be the operative pleading, the remainder of the Moving Defendants' motion to dismiss is **DENIED AS MOOT**.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Moving Defendants' motion to dismiss, construed as a motion for more definite statement, (Doc. 21) is **GRANTED IN PART AND DENIED AS MOOT IN PART**. Plaintiff is **DIRECTED** to file an amended complaint within **FOURTEEN (14) DAYS** of the date of this Order in compliance with the Court's instructions as outlined above.

**ORDER ENTERED** at Augusta, Georgia, this 1ST day of February, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA